May it please the Court, Daniel O. Jamieson for Appellant Lee Investments LLC. With the Court's permission, I will reserve five minutes of time for rebuttal. Yes, but just remember that's your total time. Thank you, Your Honor. I have to keep track. If we assume for the sake of argument that there is an appealable judgment here that would support an injunction if the injunction were otherwise lawful, this case presents a question of the scope of an established and clear national policy against federal court interference with state workers' compensation proceedings. To refine the question, can workers' compensation insurers be allowed to that are in progress by simply filing a diversity action against the employer for rescission of the workers' compensation policy and against the injured employee that has the same effect as a removal which is expressly prohibited by 28 U.S.C. 1445, Subdivision C. We respectfully submit that that code section establishes that there is not Federal subject matter jurisdiction for a diversity action that is brought under those circumstances. How can you mix and match jurisdictional statutes like that, though? I mean, you have removal. There are a whole bunch of restrictions on removal. That are different from the jurisdictional statutes for diversity jurisdiction and original jurisdiction. So what authority do we have to take a removal provision and engraft it onto a diversity jurisdiction statute? Your Honor, the Fifth Circuit has viewed those statutes as jurisdictional, at least with regard to 1445, Subdivision C. And in this circuit, although the question was not expressly addressed in the Getz case where a workers' compensation proceeding was involved, the dismissal was based on subject matter jurisdiction. In the Vasquez case in this circuit, the question was not expressly presented whether or not there is Federal subject matter jurisdiction when you already have a pending workers' compensation proceeding as we had here. And there is a second or later filed action in diversity in the Federal district court. So the question appears to have been addressed at least obliquely by the Getz case, and in the Vasquez case it's been left open. And so for this Court, it appears that clarification on that issue, and we respectfully submit that it should be clarified in accordance with the Fifth Circuit's ruling.  Sotomayor, what law controls whether there is an exclusive jurisdiction in the California? California State law will control that question. Now, if we assume for the sake of argument that there was Federal subject matter jurisdiction, and we do recognize the arguments that State law cannot control the law that Congress establishes and that our Constitution establishes will govern, it is clear from other cases in this circuit, the Begay case, which has indicated with regard to the Arizona workers' compensation system insofar as it applied to Indian claims, that in that case, the ruling was there is subject matter jurisdiction. However, because State law forecloses access to the State courts when there is a workers' compensation proceeding. Could it be subject matter jurisdiction if it was the rescission claim only? No, Your Honor. And then there is a claim, Connolly's claim. Is there a connection between Connolly's claim and the rescission claim? There absolutely is, Your Honor, because there is a connection between Connolly's claim and just the rescission claim. Who had jurisdiction of that? If there were no workers' compensation proceeding and Connolly had not brought a claim in the workers' compensation appeals board for the State. Is it a question whether or not the Connolly claim is related sufficiently to the rescission claim as to the district court of jurisdiction, or is it a matter of whether they're related or not? Because the Connolly claim is an individual claim against the workers' comp. The rescission claim is the entire policy. So there's a relation between the two. You have to figure out whether there's a relation between the two. And then after you figure that out, you've got to figure out whether there was a waiver on the part of Lee. There absolutely is a relation. The two are intimately connected. Why? Because if the carrier is able to rescind the policy, there are no benefits for the claimant. Right. Couldn't the – there have been a declaratory judgment action here? Isn't that essentially what this is? No, Your Honor, because the jurisdiction to decide the question of whether or not there should be rescission, whether by declaration or actual entry of an order such as occurred here of rescission and restitution, that is exclusively committed to the jurisdiction of California's Workers' Compensation Appeals Board. Under the Erie Doctrine, California State law controls where the issue of rescission has to be determined, and California State law is clear that that issue is to be determined before the Workers' Compensation Appeals Board. So is it your position – I just want to clarify what your argument is – let's take the hypothetical disposed by Judge Conte, which is there's no pending Workers' Comp claim, okay? Let's say this is a straight action for rescission based on misrepresentation of a Workers' Comp policy. Is it your position that the only forum for that type of action is the Workers' Compensation Board in California? That would be correct, Your Honor, if it's a Workers' Compensation insurance policy. Insurance companies have no right to rescind a policy or to bring an action to an equitable action for rescission in courts of equity? If it involves a Workers' Comp policy. If it involves a Workers' Comp policy, we're assuming that there is no existing Workers' Compensation proceeding. They want to terminate that as to the employer. Those issues are exclusively committed to the Workers' Compensation Appeals Board in California. Really, that's quite unusual to have every conceivable claim that might be brought, essentially, before the board, rather than a particular claim. We're not talking every conceivable claim. We're talking about claims that affect the rights and responsibilities as between the employer and the injured employee and the compensation insurer who steps into and assumes the shoes of the employer. So is your position that bad faith cases have to be tried? They involve the policy, the administration of the policy. Breach of the employer, let's assume it's the employer arguing a breach of contract and a suit for bad faith, as you have in this case. Is it your position that the California Workers' Compensation Board is the exclusive venue for that? No, Your Honor. The issue of rescission is the exclusive venue. The question of whether or not there's been action on the part of the insurer that was a bad faith denial of coverage or a bad faith denial of the duty to defend or a contractual breach of the duty to defend, that is an issue that would be outside of the Workers' Compensation Appeals Board. But the fundamental question, can this policy be rescissioned? That is committed to the California Workers' Compensation Appeals Board. And, of course, we've been talking about it. So when you file a counterclaim on that, where do you file it? I mean, they sue for or they ask for rescission. You say, well, no, in fact, you've acted in bad faith. You'd have to file a separate suit on that, wouldn't you, under your theory? That is correct, Your Honor, because there has to be this preliminary determination first whether or not the policy can be rescinded. There is, at least in this circuit, the Cigna v. Polaris case, an indication that if it's determined that the policy cannot be rescinded, there is no counterclaim for breach of contract or bad faith because the insured employer got what they bargained for, rescission was denied. And so the question of what happens with a counterclaim or whether it can be brought necessarily must await the Workers' Compensation Appeals Board determination of whether or not the policy can be rescinded. So then conversely, I'm sorry to interrupt, but conversely, I just want to make sure I understand your position. Conversely, if your client filed a suit for breach of contract in bad faith and the insurer responded with a counterclaim for rescission, you think that's prohibited? The courts have no jurisdiction to decide that question on a counterclaim. That would be correct, Your Honor, because that issue of rescission, and it is exclusively committed to the Workers' Compensation Appeals Board. Of course, that's not our case. No, but I think that's the implication of your argument. That's what I was trying to say. That issue is exclusively committed to the Workers' Compensation Appeals Board. I have about four minutes left, and I will reserve that time. May it please the Court. I am Bruce Smyth, the counsel for United States Fidelity and Guarantee Company, American Specialty Insurance Services, and American Specialty Risk Management, LLC. The appeal concerns both the complaint for rescission and the counterclaim, and the counsel for Aon will speak for four or five minutes after me about issues relating to it. Let me focus, I guess, first on the subject matter jurisdiction of the Court. The Begay case establishes that the law of diversity jurisdiction of Federal courts governs over any potentially contrary State law. There has been an argument by Lee that there was some type of improper removal, but at the time that Ms. Connolly filed her workers' compensation action, USF&G was not a party to that proceeding. I think one of the other things that has been missing is that her application for benefits was never removed by USF&G or anyone. It was seen as a part of the case. Kennedy, or could it have been? Agreed, it could not have been. It went before the WCAB. USF&G paid benefits for 8 or 9 years, and the case was before the WCAB until Lee settled it recently, and that certainly is the posture. It certainly couldn't be removed because it has been resolved. Lee, in any event, waived any right to claim that this alleged removal was somehow improper by filing its counterclaim and not making a motion under 28 U.S.C. 1447 to have this alleged removal remanded to the Court. I saw that the amendment to 1445C, under the Horton case, insurers still can maintain diversity actions against on-workers' compensation matters, and that's precisely what this case was. It was an action for rescission. The Getz case, which was cited by Lee, really stands for the general proposition that workers' compensation statutes are constitutional, and nothing more than that. This is a case where USF&G filed an action to have the policy declared void ab initio, and it had a right to do that under the Court's diversity jurisdiction. The Court properly denied Ms. Conley's motion dismiss in finding that there was a claim for relief, a right to determination of rescission. There also was a claim for restitution of benefits and restitution of the attorney's pay. Even if you accept the argument that the rescission was not properly before the district court, Lee filed a counterclaim, and it is not, under a number of the cases we've cited, permitted to file a counterclaim, and then after it gets an adverse judgment after a 4-week jury trial, decide that this was really the wrong form. It's invoked the jurisdiction of the district court, and it made a binding election. Do you agree that the Workers' Compensation Board has concurrent jurisdiction over rescission actions, or do you think it has no jurisdiction? I don't believe it has jurisdiction over rescission actions because it goes to the other side of that issue here. What the other cases, California cases, establish is that where the ultimate decision as to whether there is jurisdiction depends on a finding on the merits that the first body to reach a determination of merits binds the other. In this case, the merits were, was there in fact a policy of workers' compensation insurance issued, and here, there, it was determined that it was, it was void ab initio. The even, even if Lee had the right to pursue rescission before the WCAB, there is probably the most clear case of waiver of any factual circumstances that could be found. It didn't assert the jurisdiction of the WCAB when it filed its answer. It didn't join Ms. Connolly's motion for reconsideration. It filed its counterclaim. It amended it several times. It filed motions for summary judgment seeking the determination of the district court. And only after then, as it was on the eve of trial, did it decide to assert that it had a right to pursue the matters in the WCAB. And finally, the, whatever predicate existed because of the pendency of Ms. Connolly's claim, Lee has also settled that. And that raises another issue, that the WCAB is, we submit, no longer available as a forum because the claim of the, the worker has been resolved. Now, this, this whole thing, just help me, it becomes conceptually more complicated because there was a claim in which you played, paid benefits that, years ago, apparently. But ordinarily, this is the kind of thing that we would see if an insurer had an understanding that there may have been fraud in procuring a policy or misrepresentation, that the insurance company would bring the declaratory judgment action to, to declare so that you'd never have to face the Connolly case. So is it correct that this case is really not a declaratory judgment action because the claim was there all along and you didn't find out until after there was a claim? Or could this have still been brought as a declaratory judgment action with respect to other claims? Or what? I don't, I don't believe there were any other claims. Certainly at the time that the, that the action was filed for a declaration of rescission, benefits had been, had been paid and were continued to pay, to be paid to the tune of about $900,000 until the judgment in the district court. So the scope of the action is really only with respect to, as a practical matter, it's only with respect to this claim? That's correct, Your Honor. I'm not aware of any other claims or if there were, there were very minor amounts that were paid and resolved a long time ago. So there could very well be, have been jurisdiction in, within the, the board to determine that there was no contract. It never was, as far as I know. Well, we, we don't, we don't believe that the rescission goes to the existence of the policy. So we don't believe that there would be jurisdiction, but, but even if there were jurisdiction, then the first body to, to get it resolved binds, binds the other because of the existence, the need to resolve the predicate of whether there was, in fact, a, a valid policy or one that was a void ebonitio. The ---- But we don't really have to go there, I guess. We, we submit that this is a unique case that because of multiple examples of, of, of waiver, because of the, the judgment additionally is, in addition to there being a judgment for rescission, there also is a judgment on the affirmative defense of fraud in the inducement of the policy in favor of USF&G on the counterclaims. So there's, the, the jury and the judge found fraud in the inducement of the policy on both the complaint and, and the counterclaim. We, I, I'm sorry, I'm still having a little trouble figuring out why we're here. If the Connolly claim has been settled? Yes. Is this whole thing moot or? Well, we, we, we submit, and I'm sure Mr. Covington will have some words on, on the mootness issue, but we submit that it is essentially moot as to that issue. Obviously, we want to enforce the judgment we, we have, but we believe that the WCAB is no longer available as a forum because the claim of the worker for benefits has been resolved. It was paid by us or, or paid by legal. Thank you. I think we should hear from you. Okay. May it please the Court. I'm Matt Covington, Counselor for Appellee Aon Risk Services, Inc. of Central California Insurance Services. First of all, to set the backdrop, most of these issues are before the Court on an abuse of discussion standard after about eight years of litigation and a four-week jury trial. With that said, and I'd be glad to address mootness and the jurisdictional issues, I do want to focus on issues relating to Aon, and I have limited time. It's our position that even if, aside from the jurisdictional issue, as Mr. Jamison put it, even if this Court should decide, which we absolutely disagree with, that the rescission case should have been dismissed, again, we disagree with that, the district court clearly had supplemental jurisdiction over the claims between the broker, Aon, and Lee, the insured, under 1367. These were disputes that form part of the same case and controversy. Lee claimed that Aon made representations to Lee that there was coverage for construction. Aon claimed that Lee, the insured, misrepresented what coverage it wanted, misrepresented what construction was going on at the park. And of course, USF&G claimed that Lee made misrepresentations about the same things. These all were interrelated. So the pendant or supplemental state claims between the broker and the insured relating to errors in emissions and the tort claims, the court clearly had supplemental jurisdiction over. And of course, we're not looking at a situation in which the rescission claim was dismissed before the trial. In fact, it went to trial. It went to trial, and the jury made its determination in a case where the district court had diversity jurisdiction, as you pointed out. And in a case in which the court had supplemental jurisdiction over the E&O claims and tort claims. So even if there were some finding, there was some problem with jurisdiction as to rescission, that should not impact the findings as to Lee and Aon and their claims against each other. And throwing out that part of the case would make absolutely no sense because, of course, the Workers' Comp Board had no jurisdiction over E&O claims, errors in emissions claims by Lee against Aon or Aon's claims against Lee. So I want to set that straight. Well, then to what extent are you still on the hook? There are a couple of issues. I don't think we are. And there are a couple of issues that Mr. Jameson pointed out regarding other alleged errors with respect to jury instructions, not allowing the case to go to the jury on a theory that Aon was the agent for the carrier. If you're interested in me addressing those, I can do that. I can not otherwise turn to mootness. But as to Aon and the theory of agency, this was never an issue that was in the case at all. The case was filed in 1999. Lee's complaint never alleged that Aon was the agent for the carrier. In fact, it alleged that it was the exclusive broker. And there were multiple motions for Lee to amend, and this never came up. It never came up in extra reports. And so the district court properly excluded that argument in motions in Lemonet because no discovery had been conducted on it, essentially, and it would have been very confusing. Also, this was harmless error because the jury found that there were multiple affirmative offenses in favor of Aon and USF&G regarding misrepresentations that were intentional. There's a jury instruction, number 43, that Lee claims was improper because it required the jury to consider expert testimony regarding professional negligence. This is invited error because Lee proposed the same instruction, number 72. Also, it was harmless error because, again, there were several affirmative defenses found in favor of Aon and USF&G that would have eliminated any claim of professional negligence even if the jury had found one. Exclusion of expert testimony, Lee assigns as error the district court's determination that certain experts should not say what should have been done. In other words, the district court, in our view, correctly determined that the expert shouldn't just cite the ipsy-dixit to the jury, this is what should have been done, but rather Judge Wanger required the expert to state a standard of care and then say whether or not that standard had been met. That was appropriate as well. And again, harmless error because of all the affirmative defenses found. Finally, on prudential mootness, it is the case that this court has the right or to withhold relief that it possibly could otherwise grant because of considerations of prudence, and as you've pointed out, the main argument for why the workers' comp board had any interest in this is now gone. Because Ms. Connelly has settled her claims against not only the employer, but also the insurer. And so no matter what is determined, that will not impact her. Even if there were a pending action there, and we don't think there is, and even if the board would take this, which we don't think they would, there's no, in the words of this court, meaningful relief. That's the Hunt case on prudential mootness that could be granted here, because sending it back where it's already been determined by a jury of precision to simply have a different body adjudicate it, and again, remember that we're not, there's no real argument here on the other side that the type of relief was wrong, or, and I know they argue with the margins about the outcome, but there's no real argument the outcome is wrong. It's just a different body. What's the meaningful relief in having a different body adjudicate that where the injured worker is never going to be impacted by that determination? With that, rest of the papers. Thank you. In Burford versus Sun Oil, dismissal on abstention grounds was required for disruption of state efforts to establish a coherent policy with respect to a matter of substantial public concern. Here, this is exactly what the California Workers' Compensation System and its exclusive remedy and procedures is all about. A very important example of this is California's attempt to establish the policy through a requirement that workers' compensation insurance policies are unlimited unless they contain statutory required and approved endorsements that restrict the coverage. This overrides the general insurance code provisions and the inducement. It has to be part of the workers' compensation policy if there's some agreement or some representation that an employer's employees will not do certain activities. Why? Because it protects the injured employee, and it also ensures clarity, which was sorely lacking in this case, as to what can and cannot be done. It's enshrined in California's Constitution, in Article IV, that this is the public policy on a matter of major public concern. So was the issue waived? Never. It was raised by a 12b-6 motion initially. It's raised again when the original motion to dismiss was based both on 12b-6 and   Both of those grounds, as well as Colorado River, were asserted in the motion that my client joined in. But the waiver argument doesn't apply because that was improperly denied. That left us stuck in the Federal court litigation. At that time, we had to go forward. We can't appeal this. It was a denial of a motion to dismiss. It's not appealable at that time because it's not a final order. Now you could take it up on a writ, although standard of review is pretty tough on that. Pretty tough and not required. It isn't legally required that my client have taken one of those. Right. But abstention is different from subject matter jurisdiction. Abstention is abuse of discretion. We look at that. That's correct. And subject matter is different. And for the reasons I outlined, Your Honor, the – it was an abuse of discretion. If you conclude that the Federal court could retain the case and not have to dismiss it for failure to state a claim, then it was abuse of discretion not to dismiss it when you had this Pending Workers' Compensation proceeding addressing the very same issue. And jurisdiction by that body was determined first, all the way to the California Supreme Court, that the WCAB had jurisdiction. Now, my client, they say, well, you filed a counterclaim, so you waived it. That can't be the case when this motion was improperly denied and forced us to stay in Federal court. But my client sought, again, through the motion for summary judgment in 2002, by asserting insurance code section 650, to have this matter returned to the body that is assigned by both State and Federal law, in our view, to try that issue of rescission. Because insurance code section 650 says that if there's already a proceeding on the policy, an action for rescission cannot be filed. Now, the district court improperly said, well, that's an affirmative defense. You raised it too late, and then dismissed it alternatively on the merits. But this issue was never waived. And we have, on the improper denial of the motion for summary judgment on our counterclaim, pointed out the reasons why there was delay in going forward in the WCAB itself. On the issue of mootness, jurisdiction was expressly not addressed in the settlement that was entered into between Conley and the employer. There was no settlement between the employer and USF&G. And we attempted to be very careful about the injunction that existed in the district court in which this Court should dissolve, so that it was done in a way that was respectful of that and not in violation. But we had the right to reserve that. And lastly, can anyone argue that when you look at how Aon put all of its aids in one basket, relying entirely on American Specialty Insurance Services to find a new policy, and then coming to us on the day before it was to expire and say, hey, they want all these representations, that a jury in exercise of non-expert common sense could look at that and find it negligent, clearly they could. And the jury instruction in this case told them they couldn't. And we were just denied a major theory of our case by virtue of that single instruction. Thank you. Thank you, Your Honor. The case just argued is submitted for decision.
judges: Conti, Schroeder, Thomas